UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-20822-GAYLES/GOODMAN

JANE DOE,

    Plaintiff,

v.

CELEBRITY CRUISES, INC., and
RAYMOND SMITH,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant Celebrity Cruises Inc.'s Motion to Dismiss the [Amended] Complaint ("Celebrity's Motion"), [ECF No. 14], and Defendant Raymond Smith's Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Smith's Motion"), [ECF No. 19]. The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons that follow, Celebrity's Motion is denied, and Smith's Motion is granted.

## BACKGROUND

Plaintiff brings this action against Defendants Celebrity Cruises, Inc. ("Celebrity") and Raymond Smith ("Smith") following an alleged assault onboard Celebrity's vessel, the *Constellation*.[1]

---

[1] In analyzing Celebrity's Motion, the Court accepts the allegations in Plaintiff's Amended Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

1

    **I.**    **The Incident**

In March 2023, Plaintiff and her husband took a cruise aboard the *Constellation*. Their cabin was next to the cabin of another passenger, Defendant Smith. On the evening of March 4, 2023, Plaintiff left her cabin to go out for a snack. Her husband was not feeling well, so he stayed behind and went to sleep. When Plaintiff returned to her cabin, she realized she had forgotten her key. She knocked on the door, but her husband did not hear her. While she was knocking, Smith came out of his cabin and offered for Plaintiff to come into his cabin to access her room through an adjoining door. Because Plaintiff believed that Smith shared his cabin with a woman, Plaintiff agreed and went into Smith's cabin to access her room. Once inside, Smith physically and sexually assaulted Plaintiff. Plaintiff was able to fight Smith and make it out of his cabin. She began banging on her own cabin door again and yelling for help, at which time her husband woke and opened their cabin. Smith was detained by ship security, removed from his cabin, and held in the ship's custody for the remainder of the trip.

During and after the attack, Smith was visibly inebriated, smelled profusely of alcohol, and slurred his words. Plaintiff contends that Celebrity's bartenders, who continued to serve Smith alcohol throughout the day and night of the attack, would have easily perceived the signs of Smith's intoxication.

At the end of the cruise, a Celebrity crewmember took Plaintiff to a room to be questioned by the FBI and directed her to leave her luggage outside of the room. Plaintiff complied. When she left the room after being questioned, her luggage and the crewmember were gone. The luggage, containing over $7000 worth of jewelry, was never recovered.

## II. The Ticket Contract

To purchase a ticket and board Celebrity's cruises, passengers must agree to Celebrity's ticket contract which provides, in pertinent part:

> EXCEPT AS PROVIDED IN SECTION 10(b) WITH REGARD TO CLAIMS OTHER THAN FOR PERSONAL INJURY, ILLNESS OR DEATH OF A PASSENGER, IT IS AGREED BY AND BETWEEN PASSENGER AND CARRIER THAT ALL DISPUTES AND MATTERS WHATSOVER ARRISING UNDER, IN CONNECTION WITH OR INCIDENT TO THIS AGREEMENT . . . SHALL BE LITIGATED, IF AT ALL, IN AND BEFORE THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA LOCATED IN MIAMI-DADE COUNTY, FLORIDA. . . .

[ECF No. 20-1]. In is undisputed that Plaintiff entered into a ticket contract with Celebrity ("Plaintiff's Ticket Contract") and that Smith entered into his own ticket contract with Celebrity ("Smith's Ticket Contract").

## III. Smith's Contacts with Florida

As set forth in his declaration,[2] Smith has no contacts with Florida aside from boarding the cruise in Tampa, Florida. [ECF No. 19-1]. There is no evidence that Smith has resided or maintained any type of physical presence in Florida. *Id.* He has conducted no business; operated, controlled, or directed any entity; owned real or personal property; had employees, officers, or agents; paid taxes; had a bank account or phone number; solicited business; earned revenue; or previously participated in litigation in Florida. [ECF No. 19-1]. Plaintiff has not disputed the substance of Smith's declaration.

## III. Procedural History

Plaintiff filed her Amended Complaint on March 11, 2024, alleging claims against Celebrity for negligence based on the assault (Count I), negligent failure to warn (Count II), and

---

[2] For purposes of Smith's Motion, the Court may consider matters outside of the pleadings. *See Atmos Nation LLC v. Alibaba*, No. 15-cv-62104, 2016 WL 1028332, at *1 n.2 (S.D. Fla. Mar. 15, 2016).

3

negligence based on the lost luggage (Count V), and against Smith for battery (Count III) and assault (Count IV). [ECF No. 8].

In Count I, Plaintiff sets forth a list of risk creating conditions that caused her injuries including that Celebrity (a) failed to provide adequate supervision and security aboard the vessel; (b) over-served and/or carelessly provided alcohol to Smith; (c) failed to maintain a reasonably safe environment on the cruise; (d) failed to adequately train its security personnel and bartenders to stop serving alcohol to passengers after they become visibly intoxicated; (e) failed to adequately supervise bar staff to prevent over-service of alcohol; (f) failed to implement policies and procedures for security and bartenders regarding serving alcohol to impaired and intoxicated passengers; (g) failed to enforce its "Guest Conduct Policy" and internal policies regarding intoxicated passengers and over-service of alcohol; (h) failed to effectively monitor passengers' alcohol consumption; and (i) failed to use reasonable care under the circumstances. *Id.* ¶ 24. In Count II, Plaintiff sets forth additional risk creating conditions that caused her injuries, including that Celebrity failed to warn Plaintiff (j) of the danger of being attacked by an intoxicated passenger; (k) that the bartenders on the ship would over-serve visibly intoxicated passengers; (l) that passengers have been assaulted and raped on its vessels in the past; (k) of the dangers associated with negligent over-service of alcohol to passengers; and (n) of past attacks by intoxicated passengers and the dangers of sexual assault aboard Celebrity vessels. *Id.* ¶ 30.

Plaintiff alleges that Celebrity had actual or constructive notice of the risk creating conditions because it "knew violent acts committed on passengers or crew is a foreseeable result of overserving alcohol based on past claims made of the over-serving of alcohol resulting in other injuries and assaults." *Id.* ¶¶ 23, 29. In support, Plaintiff cites to another case in this district, *Newell v. Celebrity Cruises, Inc.*, Case No. 18-20743-Altonaga, in which a crewmember alleged she was

4

assaulted by an intoxicated crewmember who Celebrity had over-served. *Id.* In addition, Plaintiff alleges that Celebrity and its sister-company, Royal Caribbean Cruises, have had many claims and lawsuits against them in which passengers or crewmembers have alleged that they were assaulted or raped due to a crewmember over-serving alcohol to the assailants. *Id.*

Celebrity has moved to dismiss the claims against it, arguing Plaintiff fails to adequately allege that it had notice of a dangerous condition for Counts I and II and that Plaintiff impermissibly commingles allegations of direct and vicarious liability in Count V. Smith has moved to dismiss the claims against him for lack of personal jurisdiction. The Court first addresses whether it has personal jurisdiction over Smith before turning to whether Plaintiff has adequately alleged her claims against Celebrity.

**DISCUSSION**

**I.    The Court Does Not Have Personal Jurisdiction Over Smith**

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). When a defendant submits evidence in support of its challenge to personal jurisdiction, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id.* (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff," *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (citation omitted), and still must "accept the facts alleged in the complaint

5

as true, to the extent they are uncontroverted by the defendant's affidavits." *Madara*, 916 F.2d at 1514.

The Court undertakes a two-step inquiry in determining whether personal jurisdiction over a nonresident defendant exists. First, the court must determine whether the exercise of jurisdiction is appropriate under Florida Statute § 48.193, Florida's long-arm statute. Second, the court must determine whether personal jurisdiction over the defendant violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Mutual Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004).

Here, Plaintiff does not allege any basis under Florida's long-arm statute which would provide this Court with personal jurisdiction over Smith or make any attempt to establish that the exercise of jurisdiction over Smith comports with the Due Process Clause of the Fourteenth Amendment. Nor could she. The Amended Complaint is devoid of any allegations establishing that Smith has a connection to Florida, and Smith's uncontested declaration clearly establishes that he has no presence or activity in Florida. [ECF No. 19-1]. Rather, Plaintiff's sole—misplaced— argument is that the forum selection clause in Smith's Ticket Contract establishes personal jurisdiction in this case. The Court disagrees.

First, Plaintiff cannot enforce the forum selection clause in Smith's Ticket Contract because she is not a party to that agreement. *See Wills v. Royal Caribbean Cruises*, No. 17-cv-21890, 2018 WL 1449519, at *2 (S.D. Fla. Mar. 21, 2018) (holding that a plaintiff could not enforce a forum selection clause in ticket contract between another passenger and Royal Caribbean because the plaintiff was a "non-party" to that contract). Second, and "[m]ore importantly, under Florida law, a forum selection clause is not a sufficient basis for conferral of personal jurisdiction unless there is an independent basis for personal jurisdiction under Florida's long arm statute."

6

*Wills*, 2018 WL 1449519, at *2. *See also Baker v. Carnival*, 06-21527, 2006 WL 3360418, at *6 (S.D. Fla. Nov. 20, 2006) (holding that "a forum selection clause alone is insufficient to establish personal jurisdiction."); *Proudfoot v. Thayer*, 877 F.2d 912, 920 (11th Cir. 1989) ("Florida courts will not exercise jurisdiction solely on the basis of a contractual provision conferring jurisdiction if the nonresident defendant's acts do not satisfy the state long-arm statute."). As Plaintiff has failed to allege any basis for this Court's personal jurisdiction over Smith beyond the forum selection clause, Smith's Motion to Dismiss shall be granted.[3]

## II.     Plaintiff Adequately Alleges Her Claims Against Celebrity

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). "Threadbare recitals of the elements

---

[3] In a footnote in response to Smith's Motion, Plaintiff requests that, in the event the Court finds jurisdiction lacking in Florida, that her claims against Smith be transferred to the District of Utah pursuant to 28 U.S.C. § 1404. Plaintiff, however, fails to address any of the requisite elements for a transfer to another district. Moreover, it is unclear whether Plaintiff requests that the entire action be transferred or just the claims against Smith. As a result, the Court denies Plaintiff's request. Should Plaintiff wish to proceed with claims against Smith, she must file a new action in the appropriate venue.

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Therefore, a complaint that merely presents "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (internal quotation omitted).

### A.     Negligence

To bring a maritime negligence claim, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citation omitted). "This standard requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of a risk creating condition . . . ." *Holland v. Carnival Corp.*, 50 F. 4th 1088, 1094 (11th Cir. 2022) (internal quotation omitted). Therefore, "a shipowner's actual or constructive knowledge of the hazardous condition arises as part of the duty element in a claim seeking to hold the shipowner directly liable for its own negligence." *Id.*

"Actual notice exists when the defendant knows of the risk creating condition" *Bujarski v. NCL*, 209 F. Supp. 3d 1248, 1250 (S.D. Fla. 2016). "Constructive notice arises when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Id.* (internal quotation omitted). "Alternatively, a plaintiff can establish constructive notice with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) (internal quotation omitted).

Celebrity argues that Plaintiff fails to allege that it had notice of a risk creating condition. The Court disagrees. Plaintiff alleges that Smith attacked her because (1) Celebrity crewmembers

over-served him alcohol despite his clear intoxication and (2) Celebrity failed to train its staff to stop serving visibly intoxicated passengers and to have procedures to prevent the same. Plaintiff further alleges that Celebrity had actual or constructive notice of these risk creating conditions because of the *Newell* action[4] and other, unspecified actions against Celebrity and its sister-company. The Court finds that, at this stage of the litigation, these allegations are sufficient to show that Celebrity had notice of a risk creating condition—namely that a passenger might be assaulted by an intoxicated passenger who had been over-served alcohol. *See K.T. v. Royal Caribbean Cruises*, 931 F.3d 1041, 1045 (11th Cir. 2019) (holding that allegations that Royal Caribbean, among other things, "knew or should have known, that the high risk to its passengers of crime and injury aboard the vessels was enhanced by [its] sale of copious quantities of alcohol on its vessels . . . [were] enough to establish that the danger of sexual assault . . . was foreseeable, and indeed was known, to Royal Caribbean.").[5] Accordingly, Celebrity's motion to dismiss Count I shall be denied.

### B.  Negligent Failure to Warn (Count II)

A cruise line operator breaches its duty to warn where: "(1) a dangerous condition existed that caused the claimed injury; and (2) a defendant had actual or constructive notice of the dangerous condition." *Adams v. Carnival Corp.*, 482 F. Supp. 3d 1256, 1268 (S.D. Fla. 2020) (citations omitted). In Count II, Plaintiff alleges that Celebrity failed to warn her about the dangers of (1) being attacked by intoxicated passengers, (2) bartenders over-serving alcohol to passengers, and (3) prior attacks on Celebrity ships. Moreover, as detailed above, Plaintiff alleged that

---

[4] In the *Newell* action, the plaintiff alleged that she was raped on a Celebrity vessel by a crewman who was "over served alcohol in the crew bar, becoming highly intoxicated." 18-cv-20743-CMA, [ECF No. 1]. The case settled. *Id.* [ECF No. 100].
[5] In *KT*, passengers on a Royal Caribbean Cruise raped a minor after she was served alcohol. After the district court dismissed the claims for lack of notice, the Eleventh Circuit reversed, finding the complaint adequately alleged notice.

Celebrity had knowledge of prior incidents by virtue of the *Newell* action and other claims and actions. Based on these allegations, the Court finds that Plaintiff has adequately stated a claim for negligent failure to warn. Therefore, Celebrity's motion to dismiss Count II shall be denied.

    **C.**    **Negligence Resulting in Loss of Property (Count V)**

In Count V, Plaintiff alleges that Celebrity "is vicariously liable for the actions of its crewmembers" who instructed her to leave her luggage outside of a room unattended. [ECF No. 8 ¶ 49]. Celebrity argues that Plaintiff intermingles direct and vicariously liability claims in Count V and that, therefore, it should be dismissed. The Court disagrees. While Plaintiff does not include the word "vicarious" in the title of the Count, she clearly alleges that Celebrity is vicariously liable for the actions of its employee. Plaintiff confirms, in her response to Celebrity's Motion, that Count V is pled as a claim for vicarious liability. Accordingly, Celebrity's motion to dismiss Count V shall be denied.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Celebrity Cruises Inc.'s Motion to Dismiss the [Amended] Complaint, [ECF No. 14], is **DENIED**.

2. Defendant Raymond Smith's Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5), [ECF No. 19], is **GRANTED.** Plaintiff's claims against Smith are **DISMISSED** without prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of March, 2025.

                                            DARRIN P. GAYLES
                                            UNITED STATES DISTRICT JUDGE